IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL QUINN

        Plaintiff,

v.

MICHAEL ASTRUE
   Commissioner of the Social
   Security Administration

        Defendant.

No. 07-1983

March __25___ , 2010

MEMORANDUM

On February 24, 2010, United States Magistrate Judge Carol Sandra Moore Wells filed a Report and Recommendation granting in part and denying in part plaintiff Michael Quinn's request for review and recommending remand for further proceedings before the Commissioner of the Social Security Administration. No objections were filed by either party. Upon consideration of the record of the proceedings before the ALJ, the submissions by the parties, and the Report and Recommendation ("R & R"), this court approves and adopts Magistrate Judge Wells' Report and Recommendation.

The relevant facts in this case are set out in the R & R and thus I only summarize them briefly herein. On July 29, 1993, plaintiff applied protectively for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") alleging that he had been disabled since August 1, 1992 as a result of a learning problem and legal blindness in one eye. Those benefits were denied. After plaintiff's first request for an administrative hearing was granted, Administrative Law Judge ("ALJ") Gerald J. Spitz found on August 12, 1996 that plaintiff was not disabled. On May 25, 1999, plaintiff applied for DIB and SSI benefits for a second time, alleging that he had been disabled since April 1, 1990 as a result of a learning problem and manic depression. Those benefits were also denied. After plaintiff requested reconsideration he was awarded SSI benefits as of May 1, 1999. However, the agency denied his DIB application, finding that plaintiff was not disabled on or before December 31, 1994, the date he was last insured for DIB. Plaintiff requested and was granted an administrative hearing. On April 5, 2000, plaintiff's sister testified on his behalf before ALJ Michal L. Lissek. On July 18, 2000, ALJ Lissek found that plaintiff was not disabled. The Appeals Council denied Mr. Quinn's request for review, but plaintiff filed a complaint in the District Court for the District of New Jersey, which on July 23, 2002 remanded the case to the agency.[1] On December 12, 2002, plaintiff and

---

[1] The Report and Recommendation states that the Social Security Appeals Council remanded the case, but the record states otherwise. The remand was ordered by the District of New Jersey. *See Quinn v. Barnhart*, 01-CV-06001-SM0 (D.N.J. 2002).

plaintiff's sister testified before ALJ Joseph A. Pachnowski. On January 31, 2003, ALJ Pachnowski found that plaintiff was not disabled on or before December 31, 1994. The plaintiff requested reconsideration and the Appeals Council remanded the case. On December 7, 2004, plaintiff, plaintiff's sister, and a Vocational Expert ("VE") testified before ALJ Spitz. On January 12, 2005, ALJ Spitz found that plaintiff was not disabled. On May 13, 2007, the Appeals Council denied plaintiff's request for review.

On May 16, 2007, plaintiff filed a complaint in the District Court for the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 405(g), alleging that there was not substantial evidence for the ALJ's decision. On July 15, 2009 this court referred the case to Magistrate Judge Wells pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's chief contentions are that the ALJ failed to: (1) properly explain his findings at step three of the sequential evaluation process; (2) rate his degree of functional limitation in the areas of daily living, social functioning, concentration, persistence or pace and episodes of decompensation in accordance with 20 C.F.R. § 404.1520(a)(1999); (3) adequately explain his residual functional capacity findings, including failing to appropriately consider a medical evaluation conducted by Philip L. Fox, a licensed psychologist, on October 2, 1993; (4) properly assess his credibility and his sister's testimony; and (5) comply with Social Security Ruling 83-20 to infer his onset date of disability.

In her Report and Recommendation, Magistrate Judge Wells arrived at the

following conclusions: (1) the ALJ adequately explained his Step Three findings; (2) the ALJ failed to rate plaintiff's mental functional limitations as he was required to by 20 C.F.R. § 404.1520(a); (3) the ALJ's RFC assessment is not sufficiently supported in that the ALJ did not provide explicit reasons explaining why he rejected Dr. Fox's October 2, 1993 assessment of plaintiff, nor did the ALJ adequately explain why he omitted the limitations; (4) the ALJ erred by improperly assessing plaintiff's and plaintiff's sister's testimony; and (5) in accordance with SSR 83-20, the ALJ was required to call on a medical expert to assess the onset of plaintiff's disability. Finally, the magistrate judge recommend remand to further develop the administrative record in the case, on the ground that reversal–as requested by plaintiff–is appropriate "only when the administrative record has been fully developed and there is substantial evidence on the record that the [c]laimant is entitled to benefits." *Gillard v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986). The parties have not presented any objections. After reviewing the record, in order to give "reasoned consideration to the magistrate's report before adopting it as the decision of the court," I agree with Judge Wells' findings and conclusions. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

Accordingly, the court approves and adopts the Report and Recommendation of Magistrate Judge Wells. An appropriate order follows.